# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| VERASEAL LLC, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO.  2:17-CV-00527-JRG |
| | § | |
| v. | § | |
| | § | |
| WAL-MART STORES, INC.,  ET AL, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is intervenor-defendant Closure Systems International, Inc.'s ("CSI") Motion to Stay (Dkt. No 45) pending the resolution of *ex parte* reexamination proceeding of the patent-in-suit, U.S. Patent No. 6,041,953 ("the '953 Patent). Having considered the Motion and the relevant authorities, the Court finds that the Motion should be **GRANTED** for the reasons set forth herein.

On July 7, 2017, Veraseal LLC ("Veraseal") filed suit against Walmart Inc. and Wal-Mart Stores Texas, LLC (collectively, "Walmart"). (*See* Dkt. No. 1.) During November 2017, Bericap Inc. ("Bericap"), Novembal USA, Inc. ("Novembal"), and CSI moved to intervene into this case, which Veraseal did not oppose. (Dkt. Nos. 27, 29, and 31.) Shortly thereafter, this Court permitted Bericap, Novembal, and CSI's to intervention. (Dkt. No. 33.) On December 29, 2017, Bericap, Novembal, and CSI filed answers and counterclaims. (Dkt. Nos. 36, 37, and 38.) Veraseal answered the counterclaims on January 2, 2018. (Dkt. Nos. 40, 41, and 42.)

Prior to being allowed to intervene, CSI requested *ex parte* reexamination by USPTO ("the Office") of the '953 Patent. On January 17, 2017, the Office instituted the reexamination of all claims at issue in the case. (Dkt. No. 45-5 at 3 ("A substantial new question of patentability

affecting claims 1-6 of United States Patent Number 6,041,953 . . . is raised by the request for *ex parte* reexamination.") On January 26, CSI filed the instant Motion seeking to stay this case pending the resolution of the *ex parte* reexamination proceeding before the Office.

On April 4, 2018, after briefing on the instant Motion had completed, the Office issued a non-final Office Action in the reexamination proceeding that rejected all of the claims at issue in this case. (Dkt. No. 79-1). Two days later, CSI filed an unopposed motion for leave to file a supplemental brief, which this Court granted, to apprise the Court of this Office Action. (Dkt. Nos. 78 and 79.)

 "The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." (internal citation omitted)). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

CSI's Motion explains that the Office has instituted reexamination proceedings of all the claims at issue in this case—*i.e.* the asserted claims of the '953 Patent.

(Dkt. No. 45.) In addition, as indicated in CSI's supplemental brief (Dkt. No. 79), the Office has issued an initial Office Action rejecting every claim.

Having considered the factors outlined above and the unique facts and circumstances of this case, the Court is persuaded that the benefits of a stay outweigh the costs of postponing resolution of the litigation in this particular case. Here, the patent claims have not yet been construed by the Court, and discovery is not yet complete. Moreover, even if some claims survive the reexamination proceeding, there is a significant likelihood that the outcome of the reexamination proceeding will streamline the scope of this case to an appreciable extent if not dispose of it entirely.[1] Furthermore, the '953 Patent is expired. As such, Veraseal is unable to make claim amendments, but may only challenge the rejections by the Office. *In re Rambus, Inc.*, 753 F.3d 1253, 1256 (Fed. Cir. 2014) ("If, as is the case here, a reexamination involves claims of an expired patent, a patentee is unable to make claim amendments . . ."). Further, the Office will construe the claims pursuant to *Phillips*.[2] Thus, the Court finds that the potential efficiencies gained through a stay outweigh the prejudice to Veraseal under these particular circumstances.

Accordingly, the Court finds that CSI's Motion to Stay (Dkt. No. 45) should be and hereby is **GRANTED**. It is therefore **ORDERED** that this case is **STAYED** pending the Office's reexamination of the '953 Patent.

The Parties are **ORDERED** to file a joint status report with the Court to inform the Court of any future Office Actions, any appeal to the PTAB and such appeal's outcome, or any other

---

[1] The Court notes that CSI, in its reply, represents that it "will stipulate that if a stay is granted based on the institution of the ex parte reexamination, it will not rely at trial on the prior art references that the Patent Office deemed to raise a substantial new question of patentability." (Dkt. No. 61 at 7.) The Court expects such stipulation to occur and if such stipulation is not entered within fourteen (14) days of this Order, the Court will reconsider this Order in its entirety.

[2] MPEP §§ 2258.I.G. ("In a reexamination proceeding involving claims of an expired patent, claim construction pursuant to the principle set forth by the court in *Phillips* . . . should be applied since the expired claim are not subject to amendment.") (citing *Ex parte Papst-Motoren*, 1 U.S.P.Q.2d 1655 (Bd. Pat. App. & Inter. 1986) (internal citations omitted).

decision on the merits of the '953 Patent. Such report shall be filed within five (5) days of any of the above listed actions. A courtesy copy of such joint status report shall be delivered to chambers within the above time period. Such report shall be joined in by lead counsel (and local counsel to the extent local counsel have appeared herein) for each party.

All pending motions not previously disposed of by the Court in this case are hereby **DENIED WITHOUT PREJUDICE**. If and when the stay is lifted in the future, within fourteen (14) days thereafter, the parties may re-urge any motion now denied without prejudice.

**So ORDERED and SIGNED this 10th day of May, 2018.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE